IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROY A. COMBS, § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:18-cv-03289-L (BT) |
| § | |
| § | |
| LORIE DAVIS-DIRECTOR TDCJ-CID, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Roy Combs, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the petition should be TRANSFERRED to the Fifth Circuit Court of Appeals as successive.

I.

In 1980, in case number F79-12110, a Dallas County jury convicted Petitioner of burglary of a habitation and sentenced him to seventy-five years' imprisonment.[1] In 1982, the court of appeals affirmed his conviction, and the

---

[1] Petitioner was also convicted of aggravated robbery in cause number F79-11977-RM. Petitioner discharged this sentence on October 3, 2012. (ECF No. 6-1 at 4.)  To the extent Petitioner raises a challenge to this conviction, he is no longer in custody on this conviction and the Court therefore lacks jurisdiction to consider the claim. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989).

1

Texas Court of Criminal Appeals (CCA) refused his petition for discretionary review. Subsequently, Petitioner filed four state postconviction applications which the CCA denied or dismissed. *Ex parte Combs*, Nos. WR-12,853-01 (Tex. Crim. App. 1983) (denied without written order); *Ex parte Combs*, Nos. WR-12,853-02 (Tex. Crim. App. 1985) (same); *Ex parte Combs*, Nos. WR-12,853-03 (Tex. Crim.App. 2006) (dismissed for non-compliance); *Ex parte Combs*, Nos. WR-12,853-04 (Tex. Crim. App. 2010) (dismissed as successive).

On May 27, 2011, Petitioner filed his first § 2254 petition. *Combs v. United States*, No. 3:11-cv-1138-P (N.D. Tex., Dallas Division). On December 5, 2011, the District Court dismissed the petition as time-barred. On July 3, 2012, the Fifth Circuit Court of Appeals denied a certificate of appealability, *Combs v. United States*, No. 11-11204 (5th Cir. July 3, 2012), and on February 19, 2013, the Supreme Court denied certiorari. *Combs v. United States*, No. 12-8152 (2013).

On December 10, 2018, Petitioner filed this § 2254 petition. He argues he received ineffective assistance of counsel when his attorney failed to inform him of a plea offer. On February 1, 2019, Respondent filed an answer arguing the petition is successive. On April 8, 2019, Petitioner filed a reply. The matter is ripe for determination.

II.

Respondent argues the petition is second or successive, and therefore the Court lacks jurisdiction to consider the petition. "A petition is not second or

2

successive merely because it follows an earlier federal application." *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). It is successive when it either presents a challenge to the petitioner's conviction or sentence that could have been raised in an earlier petition, or when it is an "abuse of the writ." *Id.* at 836-38. To determine whether a petition is second or successive, the court must analyze whether the challenge presented in a second habeas petition occurred before the petitioner filed his first habeas petition. *Propes v. Quarterman*, 573 F.3d 225, 229 (5th Cir. 2009).

Here, Petitioner argues he has new evidence that his counsel failed to inform him of a plea offer. He also states he relies on new Supreme Court decisions in *Missouri v. Frye*, 566 U.S. 134 (2012) and *Lafler v. Cooper*, 566 U.S. 156 (2012), holding that the Sixth Amendment right to effective assistance of counsel extends to the negotiation and consideration of plea offers. Petitioner, however, is challenging the same conviction and sentence that he challenged in his earlier § 2254 petition. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that second federal habeas petition challenging the same state judgment of conviction and sentence was "successive" under §2244(b)(2)). Also, in his state habeas petition filed on December 13, 2009, he argued that his counsel failed to inform him of a plea offer. (*See* ECF No. 8-13 at 27). He was therefore aware of his plea offer claim at the time he filed his first § 2254 petition on May 27, 2011. Additionally, the Fifth Circuit has held "that *Cooper* and *Frye* did not announce new rules of

3

constitutional law[.]" *In re King*, 697 F.3d 1189, 1189 (5th Cir. 2012). The Court therefore finds this petition is successive.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite *prima facie* showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive petition. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

### III.

The petition for a writ of habeas corpus under 28 U.S.C. § 2254 should be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed August 2, 2019.

                                              REBECCA RUTHERFORD
                                              UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).